MELINDA S. RIECHERT, State Bar No. 65504
SCOTT P. PEARTREE, State Bar No. 240197
MORGAN, LEWIS & BOCKIUS LLP
2 Palo Alto Square
3000 El Camino Real, Suite 700
Palo Alto, CA 94306-2122
Tel: 650.843.4000
Fax: 650.843.4001
Email: mriechert@morganlewis.com

Attorneys for Defendant
ALLIANT CREDIT UNION

ORIGINAL FILED

OCT 3 0 2008

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

CV 08 4968

| | |
|---|---|
| NARRISA DOTSON-LINDO,<br><br>            Plaintiff,<br><br>     vs.<br><br>ALLIANT CREDIT UNION, and Does 1-100,<br><br>            Defendants. | Case No. _____<br><br>**NOTICE OF REMOVAL OF ACTION 28 U.S.C. SECTIONS 1332 AND 1441(B) – DIVERSITY OF CITIZENSHIP** |

1   **PLEASE TAKE NOTICE THAT**, pursuant to 28 U.S.C. § 1332, Defendant ALLIANT CREDIT UNION ("Alliant" or "Defendant") hereby removes the above-entitled action from the Superior Court of the State of California, County of San Mateo, to the United States District Court for the Northern District of California. Removal is based on the following grounds:

2.  1.   On or about September 26, 2008, Plaintiff Narrisa Dotson-Lindo ("Plaintiff") commenced this action in the Superior Court of the State of California in and for the County of San Mateo, entitled *Narrisa Dotson-Lindo v. Alliant Credit Union, and Does 1 - 100*, Case No. CIV 476958 (the "Complaint"), against Defendant, alleging causes of action for: (1) gender discrimination; (2) gender retaliation violation of FEHA; (3) gender harassment; (4) failure to prevent discrimination on the basis of gender; (5) discrimination in violation of public policy; (6) race discrimination in employment; (7) race harassment in employment; (8) failure to prevent and failure to investigate discrimination and harassment on the basis of race; (9) retaliation for opposing race discrimination; (10) discrimination in violation of public policy; and (11) intentional infliction of emotional distress. A true and correct copy of the Complaint and Summons, with the accompanying attachments, is attached hereto as **Exhibit 1**.

3.  2.   On October 1, 2008, Plaintiff caused the Complaint and Summons to be served on Defendant.

4.  3.   On October 22, 2008, Defendant filed and served its Answer to Plaintiff's unverified complaint ("Answer"). A true and correct copy of Defendant's Answer is attached hereto as **Exhibit 2**. The Summons, Civil Case Cover Sheet, Complaint and the Answer (attached hereto as Exhibits 1 and 2) constitute all process, pleadings and orders filed in this case.

5.  4.   This Notice of Removal is timely filed, pursuant to 28 U.S.C. § 1446(b), in that it is filed within thirty (30) days of receipt of Plaintiff's Complaint. No previous Notice of Removal has been filed or made with this Court for the relief sought.

6.  5.   This action is a civil action over which this Court has original diversity jurisdiction pursuant to 28 U.S.C. § 1332, and this matter may be removed to this Court under the provisions of 28 U.S.C. § 1441(a) and (b) in that the amount in controversy exceeds $75,000, exclusive of interest and costs, the action involves citizens of different States, and no defendant is a citizen of

California.

6. Complete Diversity

    (a) Complete Diversity between Plaintiff and Defendant exists under 28 U.S.C. § 1332, because Plaintiff and Defendant are citizens of different states.

    (b) At the time Plaintiff files this civil action, Plaintiff was a California citizen. [Complaint ¶ 2.]

    (c) Pursuant to 28 U.S.C. § 1332(c)(1), a corporation is deemed to be a citizen in any state in which it has been incorporated and of any state where it has its principal place of business. Defendant is, and at all relevant times was, a corporation formed under the laws of the state of Illinois, and its principal place of business is in the state of Illinois.

7. The Ninth Circuit uses a two-step analysis to determine a corporation's principal place of business. *Tosco Corp. v. Communities for a Better Env't*, 236 F.3d 495 (9th Cir. 2001). First, the court determines whether a substantial predominance of the corporation's "place of operations" takes place in one state. *Id.* at 500. Second, if the corporation conducts business in many states and does not conduct a substantial predominance of its business in any single state, the court uses a "nerve center" test. *Danjaq, S.A. v. MGM/UA Commc'ns Co.*, 773 F.Supp. 194, 199 (C.D. Cal. 1991).

8. In addition to conducting business in Illinois, Alliant also conducts business in Colorado, Virginia, and California. *Declaration of Lee Schafer ("Schafer Decl.")*, ¶ 2. A substantial predominance of Alliant's operations does not take place in any one state. *Schafer Decl.*, ¶ 2.

9. Illinois is Alliant's principal place of business under the "nerve center" test because "the majority of its executive and administrative functions are performed" there. *See Tosco*, 236 F.3d at 500. Alliant is a credit union organized and existing under and by virtue of the laws of the State of Illinois. *Schafer Decl.*, ¶ 2. Alliant's corporate headquarters are in Chicago, Illinois, and its corporate books and records are located in Chicago, Illinois. *Schafer Decl.*, ¶ 2.

Alliant's executive officers all work out of Alliant's corporate offices in Chicago, Illinois. *Schafer Decl.*, ¶ 2. Of the 287 individuals employed by Alliant, 87% are employed in Illinois. *Schafer Decl.*, ¶ 2. Only 8% of Alliant's employees work in California, over 11 times fewer than those employed in Illinois. *Schafer Decl.*, ¶ 2.

10. Under 28 U.S.C. § 1441(a) the citizenship of defendants sued under fictitious names shall be disregarded. The inclusion of "Doe" defendants in Plaintiff's state court complaint has no effect on removability. *Newcombe v. Adolf Coors Co.*, 157 F.3d 686, 690-91 (9th Cir. 1998); 28 U.S.C. § 1441 (a) (stating that for purposes of removal, the citizenship of defendants sued under fictitious names shall be disregarded). In determining whether diversity of citizenship exists, only the named defendants are considered. *Id.*

11. Although the Complaint does not allege a damages amount as to each claim, removal is proper if, from the allegations of the Complaint and the Notice of Removal, it is more likely than not that amount in controversy exceeds $75,000. *Sanchez v. Monumental Life Ins. Co.*, 102 F. 3d 398, 403-04 (9th Cir. 1996); *Luckett v. Delta Airlines, Inc.*, 171 F. 3d 295, 298 (9th Cir. 1999).

12. Defendant is informed and believes that the amount in controversy exceeds the sum or value of $75,000, exclusive of interests and costs. Plaintiff alleges in her Complaint that from 1992 to November 2007, Defendant subjected Plaintiff to a number of discriminatory, retaliatory, and harassing acts because of her race and gender. Plaintiff alleges, among other things, that Defendant denied her job promotions, terminated her, and subjected her to stereotypes based on her race and/or gender. She alleges that as a result, she has suffered substantial losses, earnings, job benefits, and emotional distress. [Complaint ¶¶ 126-129, 137, 139-140, 147-149, 158-161, 169-171, 182-184, 196-199, 211-213, 225-227, 236-238, and 246-247.]

13. Plaintiff was paid an annual base salary of $61,400.56 at the time she was terminated. *Schafer Decl.*, ¶ 3. Thus, Plaintiff is seeking lost wages to date of $61,232.34 for the nearly 12 months since she was terminated.

14. Plaintiff also alleges that she suffered humiliation, embarrassment, mental and emotional distress in an unspecified amount. [Complaint ¶¶ 127-129, 139-140, 148-149, 159-

161, 170-171, 183-184, 198-199, 212-213, 226-227, 237-238, and 246-247.] Courts have held that such allegations alone are sufficient to satisfy the amount in controversy requirement. *See Egan v. Premier Scales & Sys.*, 237 F. Supp. 2d 774, 776 (W.D. Ky. 2002) (where plaintiff sought damages for embarrassment, humiliation, and willful, malicious and outrageous conduct, the court held that the defendant could "easily make the case that the claims are more likely than not to reach the federal amount in controversy requirement").

15. Plaintiff also seeks to recover attorney fees in an amount to be determined at trial. Under California Government Code § 12965(b), attorneys' fees for cases brought under California's Fair Employment and Housing Act are authorized. Courts have held that an award of attorneys' fees, if such fees are authorized, may be considered for purposes of calculating the amount in controversy. *Ansley v. Metro. Life Ins. Co.*, 215 F.R.D. 575, 577 (D. Ariz. 2003).

16. Plaintiff's Prayer for Relief requests an additional amount in punitive damages for several causes of action. In addition to compensatory damages, Plaintiff's claims for punitive damages are part of the amount in controversy when determining diversity jurisdiction. *Gibson v. Chrysler Corp.*, 261 F.3d 927, 945 (9th Cir. 2001). California juries have returned verdicts with substantial punitive damage awards in employment discrimination actions. *See Simmons v. PCR Tech.*, 209 F. Supp. 2d 1029, 1033 (N.D. Cal. 2002) ("the jury verdicts in these cases amply demonstrate the potential for large punitive damage awards in employment discrimination cases"); *see also Aucina v. Amoco Oil Co.*, 871 F. Supp. 332, 334 (S.D. Iowa 1994) ("Because the purpose of punitive damages is to capture the defendant's attention and deter others from similar conduct, it is apparent that the plaintiff's claim for punitive damages alone might exceed [the jurisdictional amount].").

17. The pleadings attached to this Notice as Exhibit 1 constitute all the process, pleadings, and orders filed in this action in San Mateo County Superior Court of which Defendant has served or been served to date.

18. Venue is proper in this district pursuant to 28 U.S.C. § 1441(a), because this district embraces the county in which the removed action has been pending.

19. Defendant will promptly serve Plaintiff with this Notice of Removal and will

promptly file a copy of this Notice of Removal with the clerk of the state court in which the action is pending, as required under 28 U.S.C. § 1446(d).

20. This removal is being filed on behalf of all Defendants who have been named and served in the state court action.

WHEREFORE, pursuant to these statutes and in accordance with the procedures set forth in 28 U.S.C. § 1446, Defendant prays that the above-captioned action pending in the Superior Court of the State of California in and for the County of San Mateo be removed therefrom to this Court.

Dated: October 30, 2008

MORGAN, LEWIS & BOCKIUS LLP

By /s/ Melinda Riechert
Melinda S. Riechert
Attorneys for Defendant
ALLIANT CREDIT UNION